Curia, per
Nott, .T.
In this case the Court concur in opinion with the Chancellor on the first exception to the report, for the reasons given in the decree. The defendant has sworn to a maximum, which he- declares unequivocally the cash receipts could not have exceeded, and in which he is sure he cannot be mistaken. OpPose<l to ^is are the opinions of gentlemen founded on data which do not authorize any certain conclusion. And however respectable the witnesses are, their opinions, which are merely conjectural as it regards this case, cannot outweigh the positive answer of the de-This Court therefore are of opinion that that exception was properly sustained by the Chancellor.
With regard to the second exception, the Court concur in the opinion expressed by the Commissioner in bis report. And the authorities relied on clearly support him in the views which he has taken. The bill states that the complainants and defendant entered into partnership in trade and merchandize; that the defen-1 1 , dant was to superintend the business of the store, and to receive one third of “ the profits realized by the said The defendant in his answer admits that he did . ..... enter into partnership with the complainants, as m the bill stated, and that he was to receive one third of the profits as therein stated. If therefore the defendant’s , . . r ■ , , . , „ acknowledgment ot the tact is to be used as evidence of the copartnership, every thing required to be proved is admitted. The terms of the contract admit of no other construction. He was to receive one third of the profits realized by the firm. In the case of Grace v. Smith, 2 Black. Rep. 998, Chief Justice De Grey says, “ every man who has a share of the profits of a trade ought also to bear his share of the loss.” Judge Blackstone in the same case says, “ I think the true intention is to conJ . sider whether profit is certain and defined; or casual, indefinite and depending on the accidents of trade. In *219 the former case, when money is advanced it is a loan; in the latter a partnership.” And I take it that that is the distinction which runs through all the cases : if a person derives a certain emolument from,, the trade then he is not a partner ; if his emoluments depend upon the profit and loss, then he is considered as such. There is a particular class of cases in which, although a person may receive a share of the profits only, he will not be ... , . . ' considered a partner, as where he is to receive a share of the profits of a mere isolated transaction; such as the case of Muzzy v. Whitney, 10 Johns. Rep. 226, the cases there cited. But then the question was, merely whether the defendant was a partner in such a sense °f the word that an action at law could not be maintained against him.
¡nJa certain " emolument from a trade does not con-nerehip^but if emoiument depends 0n profit and ^partnership3
And in the present case, it is no farther necessary to go into the inquiry than to ascertain the true construction of the contract with regard to the compensation which he was entitled to receive. And there can be but little doubt that he must be considered so far a partner as to share in the profit and loss. The profits “ realized” by the firm could have been only such as remained after the losses were deducted. It is admitted, that he was liable to the losses usually incident to mercantile speculation, such as bad debts and the like. But suppose a hogshead of brandy or pipe of wine had sprang a leak and had been lost; or that the rain had beat in and destroyed a quantity of sugar or salt; or that by some misfortune a quantity of crockery or glass had been broken or destroyed: all these must have been carried to the account of profit and loss, and must so far Have reduced the dividend of the defendant; and if the loss should turn out to be equal to the profit, it would not be difficult to ascertain how much was realized by the firm. Whether the loss should happen by fire or by either of the casualties above mentioned could not, in my opinion, *220 alter the result. The parties had all embarked their fortunes in one common concern, and were all equally dependent on the success of their undertaking for the profits which they were to receive. It was inconsistent with the nature of the contract that one should gain and the other lose. I am of opinion therefore, that the decree of the Chancellor on this point should be reversed, and that the exception be overruled.
Where one money^Tan-other, the that he kept pose of profit", and thaUio fore payinter-6S
copartner^re-his hands he toeSstPayi“"
The exception on the part of the complainants in relation to interest I think ought to be sustained. - The rule in England — if the opinion of Lord Ellenbokough in the case of De Haviland v. Bowerbank, 1 Campb. Rep. 50, is to be considered as authority on that point, — is that a person shall not be required to pay interest, except where there is an express stipulation to that effect, or where it may be inferred from the course of dealing between them that such was the understanding; or where it can be proved that the party has used the money and derived a profit from it.
But our rule has been, where one man has retained the money of another, to presume that he kept it for pUrp0se 0f profit, and that therefore he ought to pay interest upon it, Goddard v. Bullon, 1 Nott & M’Cord’s Rep. 46. The balance due by the defendant is so much 0f the funds of the firm retained by him to which he was not entitled, and for the use of which he ought therefore PaY interest. On this point also the decree of the Chancellor must be reversed.
With regard to the costs the Court is not disposed to interfere.
It is therefore ordered and decreed, that the case be referred to the Commissioner to amend his report in conformity with the principles herein laid down.

Decree reversed,